UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:24-cv-00240-DCR
*Electronically Filed*

| | |
|---|---|
| PENNY BAKER, ADMINISTRATRIX OF THE ESTATE OF BRANDON BAKER | **PLAINTIFF** |
| v. | |
| MADISON COUNTY FISCAL COURT., *et al.* | **DEFENDANTS** |

## MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

Come Defendants Madison County Fiscal Court and Steve Tussey, individually and in his official capacity as Madison County Jailer (together the "Madison County Defendants"), by counsel, and respectfully move the Court pursuant to Fed. R. Civ. P. 26(c)(1) for a protective order staying discovery until such time as the Court has ruled on the County Defendants' Motion to Dismiss the Second Amended Complaint. In support of their Motion, the Madison County Defendants state as follows:

### **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises from the death of Brandon Baker, who was an inmate at the Madison County Detention Center. *See generally* Complaint, D.E. 1-1. The Plaintiff, Penny Baker, Administratrix of Baker's Estate (the "Estate"), filed the Complaint in state court on August 14, 2024, alleging deliberate indifference and *Monell* liability against all Defendants pursuant to 42 U.S.C. § 1983; negligence, gross negligence, and wrongful death against all individual defendants; negligence per se against all defendants; and medical negligence against West Kentucky Correctional Healthcare, LLC ("WKCH"). *See id*.

---
[1] Pursuant to LR 37.1, a certification detailing counsel's attempts to resolve this dispute is attached as **Exhibit 1**.

The Madison County Defendants removed the case to federal court on September 9, 2024. Notice of Removal, D.E. 1. On September 12, 2024, prior to the defendants' deadline to respond to the Complaint, the Court issued an Order for Meeting and Report. Order for Meeting and Report, D.E. 3. On September 16, 2024, the WKCH Defendants filed an Answer, and the Madison County Defendants filed a Motion to Dismiss which raised, among other defenses, qualified immunity and sovereign immunity. *See* Answer, D.E. 4; Motion to Dismiss, D.E. 5. Counsel for the parties conducted the Rule 26(f) planning conference on October 3, 2024. *See* Certification of Counsel, Ex. 1, ¶ 5. At that time, the undersigned believed the proposed discovery schedule to which counsel agreed allowed sufficient time for the parties to brief and the Court to rule on the Madison County Defendants' pending Motion to Dismiss. *Id.* On October 7, 2024, three days after the Rule 26(f) conference, the Estate filed an Amended Complaint adding several Madison County Detention Center employees as defendants. Amended Complaint, D.E. 7. However, no summonses were issued for the new defendants, and to date they have not been served.

The parties submitted their Joint Report of the Rule 26(f) Planning Meeting on October 18, 2024, and the Madison County Defendants filed a Motion to Dismiss the Amended Complaint on October 21, 2024. Joint Report, D.E. 10; Motion to Dismiss the Amended Complaint, D.E. 11. The Court entered the Scheduling Order on October 22, 2024, establishing a February 18, 2025, deadline to amend pleadings and a July 14, 2025, deadline for fact discovery. Scheduling Order, D.E. 13. Realizing that resolution of their immunity defenses would take at least one more month in light of the Amended Complaint and corresponding Motion to Dismiss, the Madison County Defendants indicated in the parties' November 4, 2024, joint status report that "they may seek relief from the Court from being required to respond to

discovery requests pending resolution of their Motion to Dismiss the Amended Complaint, which raises immunity defenses." Joint Status Report, D.E. 15; Certification, Ex. 1, ¶ 9.

The Estate's response to the Madison County Defendants' Motion to Dismiss the Amended Complaint was due November 11, 2024, but it did not submit one. Instead, on November 12, 2024, the Estate filed a motion to amend the Complaint a second time, which the Court granted on November 13, 2024. Motion for Leave to Amend, D.E. 16; Order, D.E. 17. Also on November 13, 2024, the Estate's counsel sent requests for admission to Jailer Tussey and advised he intended to depose Meredith Frame "before the end of the year" and requested counsel's availability. November 13, 2024, email, attached as **Exhibit 2**. The undersigned did not immediately respond with dates for Dr. Frame's deposition because they anticipated filing another motion to dismiss and asking the Estate's counsel to postpone discovery until the forthcoming motion had been ruled on, but not yet having responded to the Second Amended Complaint that had been filed earlier that day, counsel believed the request would be premature. Certification, Ex. 1, ¶ 12. On November 20, 2024, the Estate served a notice of intent to issue a subpoena to depose Michelle Stringer on December 12, 2024. *See* November 20, 2024, email and attachments, attached as **Exhibit 3**. Counsel for the Estate had not previously notified the undersigned of his intent to depose Ms. Stringer or consulted with them about their availability on December 12, 2024. Certification, Ex. 1, ¶ 13.

The Madison County Defendants moved to dismiss the Second Amended Complaint on November 21, 2024, six days before the deadline to do so. Motion to Dismiss the Second Amended Complaint, D.E. 20. Like their two previous motions to dismiss raises, the Motion to Dismiss the Second Amended Complaint raises qualified immunity on behalf of Jailer Tussey and sovereign immunity on behalf of the Fiscal Court. *Id.*

3

Within hours after filing the Motion to Dismiss the Second Amended Complaint, the undersigned counsel reached out to the Estate's counsel requesting (1) to postpone Dr. Frame and Ms. Stringer's depositions, and (2) to allow Jailer Tussey until 30 days after any ruling on the Motion to Dismiss the Second Amended Complaint to respond to the Requests for Admission. *See* November 21-December 3, 2024, emails, attached cumulatively as **Exhibit 4**, pp. 10-11. The undersigned explained their belief that the adjustments would not "interfere with the current deadlines in the Scheduling Order" but noted that, "of course if that becomes an issue, we can revisit the situation." Counsel for the Estate denied the requests, citing the February deadline to amend and the upcoming holidays. *Id.* at p. 10. The undersigned suggested that a stay would likely address both the Madison County Defendants' interests and the Estate's concerns and—knowing a Court order would be required to suspend deadlines—proposed a joint motion. *Id*.; Certification, Ex. 1, ¶ 17. The undersigned also offered to brief the Motion to Dismiss on an expedited basis. Nov. 21-Dec. 3 emails, Ex. 4, p. 10.

Counsel for WKCH agreed to jointly move for a stay and pointed out that the Estate's counsel had not consulted with the other attorneys of record before scheduling Ms. Stringer's deposition and that she is not available on the noticed date. November 21-22, 2024, emails, attached cumulatively as **Exhibit 5**, p. 1. The Estate's counsel took the position that the Scheduling Order's prohibition of extensions by agreement constitutes "a prophylactic repudiation of joint motions for stay" and therefore declined to join a motion seeking such relief. Nov. 21-Dec. 3 emails, Ex. 4, p. 9; *see also* Nov. 21-22 emails, Ex. 5, p. 1. Regarding Ms. Stringer's deposition, the Estate's counsel stated, "I intend to move forward with Ms. Stringer's deposition as noticed unless we can agree to a different date or a protective order is entered. I am happy to reschedule but I will not delay." Nov. 21-22 emails, Ex. 5, p. 1.

Because a discovery stay would not necessarily interfere with the parties' ability to comply with the current deadlines and to avoid any question as to their compliance with Section 5 of the Scheduling Order, the undersigned notified Magistrate Judge Atkins's chambers of the dispute regarding the timing of discovery in light of the Madison County Defendants' pending Motion to Dismiss, and a telephonic conference was scheduled for December 3, 2024. Certification, Ex. 1, ¶ 21. Nonetheless, the parties acknowledged in their December 2, 2024, Joint Status Report that, "[d]epending on the Magistrate Judge's decision, the parties anticipate that either the Plaintiff or the Madison County Defendants may file an appropriate motion." Joint Status Report, D.E. 23. Finding that "the issue at hand is one of potentially staying deadlines," Judge Atkins advised the Defendants they may file a motion and established an expedited briefing schedule. Minute Entry Order, D.E. 24.

Since the Estate's counsel never responded to the undersigned's offer to brief the Motion to Dismiss on an expedited basis, the Estate's Response is not due until December 12, 2024, and the Madison County Defendants will then have an opportunity to reply. *See* Certification, Ex. 1, ¶ 27. Counsel for the parties have continued to attempt to reschedule Ms. Stringer's deposition in the event the Court allows discovery to proceed. *See* Nov. 21-Dec. 3 emails, Ex. 4, pp. 1-5. However, the Estate does not agree to postpone it until January, making it unlikely the Madison County Defendants' Motion to Dismiss will be resolved prior to the deposition. *See id.* In addition, pursuant to Fed. R. Civ. P. 36 and 6(d), Jailer Tussey's responses to requests for admission are due December 16, 2024, and the Estate's counsel has declined even a brief extension of the response time to seven days following a ruling on this Motion to Stay, making it

5

highly improbable the Motion to Dismiss will be resolved before Jailer Tussey's responses are due. *See* Certification, Ex. 1, ¶ 24.[2]

## ARGUMENT

Fed. R. Civ. P. 26(c) permits a district court to issue a protective order staying discovery during the pendency of a motion to dismiss for "good cause." "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir. 1999). "In ruling upon a motion to stay, the court must weigh the burden of proceeding with discovery against the hardship worked by a denial of discovery." *Osborn v. Griffin*, 2011 WL 13156649, at *1 (E.D. Ky. Dec. 9, 2011). Courts also consider efficiency when evaluating whether good cause exists for a stay. *See id.* at *2 (granting stay pending ruling on motion to dismiss where stay "would prevent the parties from incurring potentially unnecessary and burdensome discovery expense"). In particular, courts have found that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995)); *see also Bangas v. Potter*, 145 Fed. App. 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."); *cf. Donaldson v. DeJoy*, 2024 WL 3493870, at *5 (6th Cir. May 1, 2024) (finding the trial court did not abuse its discretion in denying a motion for discovery while a motion to dismiss was pending "because the discovery that [the plaintiff]

---

[2] Judge Atkins also granted the parties leave to file motions regarding Ms. Stringer's deposition and the outstanding requests for admission, and the Madison County Defendants are filing contemporaneously with this Motion a Motion for Protective Order seeking relief from those specific discovery vehicles until after this Motion to Stay has been resolved. *See* Minute Entry Order, D.E. 24.

sought was not relevant to whether his first amended complaint stated a plausible claim for relief").

Specific to the present motion, both the Supreme Court and Sixth Circuit have held that discovery **must** be stayed until a bona fide claim of immunity has been decided. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis in *Siegert*) ("'[u]ntil this **threshold** immunity question is resolved, discovery should not be allowed'"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (discussing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)) ("the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that [immunity] issue is decided"). This rule acknowledges the principle that immunity defenses are intended to shield their possessors not only from liability, but also from the burdens of suit, including discovery. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (describing qualified immunity as "immunity from suit rather than mere defense to liability"). Here, requiring the Madison County Defendants to respond to discovery requests and participate in depositions while they have a motion to dismiss based on immunity grounds pending would irreparably deprive them of their immunity protections in the event the Court finds their defenses meritorious.

The Madison County Defendants' immunity defenses alone warrant a stay under *Siegert*, but other considerations weigh in favor of a stay as well. First, staying discovery will not pose a hardship to the Estate because none of the grounds for dismissal raised by the Madison County Defendants requires the resolution of any fact issues for which discovery might be necessary. On the contrary, "a motion to dismiss is based on allegations contained in the relevant pleadings as opposed to facts developed during discovery." *Burnett v. Martin*, 2007 WL 3046066, at *2 (E.D. Ky. Oct. 16, 2007). Furthermore, briefing on the Motion to Dismiss (which the Madison

7

County Defendants offered to expedite) will be completed no later than December 26, 2024, which likely means the existing deadlines would need to be adjusted only slightly, if at all, if a stay is granted.[3]

Conversely, the inefficiency of proceeding with discovery in light of the procedural posture of this case would create an unnecessary and undue burden. In particular, the Estate proposes to depose two witnesses in the next month. Per the Second Amended Complaint, Ms. Stringer investigated Baker's death and concluded that, based on video surveillance footage, Kentucky Jail Standards were violated. Second Amended Complaint, D.E. 18, Page ID# 241, ¶ 81; *see also* Stringer Letter, copy attached as **Exhibit 6**. And Dr. Frame, who was the medical examiner at the time, allegedly concluded "medical neglect" contributed to Baker's death. *Id.* at Page ID# 232, ¶ 24. Thus, the Madison County Defendants would expect to devote significant time and attention to preparing for their depositions—including reviewing over 170 hours of video surveillance footage referred to in Ms. Stringer's report and potentially requesting additional records from the DOC and/or other public agencies—without knowing what, if any, claims against them will survive, thus expending substantial resources that may ultimately prove to have been wasted.[4] Proceeding in that manner would defeat "[t]he very purpose of Fed. R. Civ. P. 12(b)(6)," which "'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *See Yuhasz v. Brush Wellman, Inc.*,

---

[3] Although the Madison County Defendants are not seeking an extension of any deadlines set forth in the Scheduling Order, they have no objection to modifying the Scheduling Order in the event the Court or the Estate believes doing so is necessary or appropriate in light of the requested stay. Pursuant to Section 6 of the Scheduling Order, the undersigned submits the Certification of Counsel attached as Exhibit 1 sets forth good cause for doing so.

[4] Since nearly two months have passed since the Estate added five new defendants via its First Amended Complaint and it has made no effort to have summonses issued to or effect service on the new defendants, it is unclear whether the Estate intends to pursue claims against them. In the event it does, though, proceeding with depositions of material witnesses when more than half of the parties have not even been served and therefore have no opportunity to participate would be manifestly unjust to the new parties and risk further inefficiencies and inconvenience to both the parties and the non-party witnesses by requiring multiple depositions of the same people.

341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

## CONCLUSION

In light of the procedural posture of this case and the nature of the Madison County Defendants' pending motion to dismiss and in the interest of efficiency, the Madison County Defendants respectfully request the Court grant their motion and stay discovery in this matter until after the Court has ruled on their Motion to Dismiss the Second Amended Complaint.

Respectfully Submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
James E. Yeager III
Kinkead & Stilz, PLLC
301 East Main Street, Suite 800
Lexington, KY   40507
bstilz@ksattorneys.com
lzellen@ksattorneys.com
jyeager@ksattorneys
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
*Counsel for the Madison County Defendants*

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing have been served via CM/ECF on this the 4th day of December, 2024.

/s/ D. Barry Stilz
*Counsel for the Madison County Defendants*