UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CIVIL ACTION NO. 5:24-cv-00240-DCR
*Electronically Filed*

PENNY BAKER, ADMINISTRATRIX OF
THE ESTATE OF BRANDON BAKER                                    PLAINTIFF

v.

MADISON COUNTY FISCAL
COURT., *et al.*                                                                                               DEFENDANTS

---

## MOTION FOR PROTECTIVE ORDER
---

Come Defendants Madison County Fiscal Court and Steve Tussey, individually and in his official capacity as Madison County Jailer (together the "Madison County Defendants"), by counsel, and respectfully move the Court pursuant to Fed. R. Civ. P. 26(c)(1) for a protective order prohibiting the Estate from taking any depositions, including the previously noticed deposition of Michelle Stringer, and holding the Madison County Defendants are not required to respond to discovery requests, including requests for admission previously served on Defendant Steve Tussey, until such time as the Court has ruled on the County Defendants' Motion to Stay Discovery, which is filed contemporaneously herewith. In support of their Motion, the Madison County Defendants state as follows:

### **BACKGROUND**[1]

A detailed statement of the pertinent facts and procedural history of this case is set forth in the Madison County Defendants' contemporaneously filed Motion to Stay, which they incorporate herein by reference. For the purpose of this Motion, the most salient facts are that (1) the Plaintiff, Penny Baker, Administratrix of the Estate of Brandon Baker (the "Estate"), has

---
[1] Pursuant to LR 37.1, a certification detailing counsel's attempts to resolve this dispute is attached as **Exhibit 1**.

served requests for admission to Defendant Steve Tussey, responses to which are due December 16, 2024; (2) the Estate has noticed the deposition of Michelle Stringer, whom the Estate alleges investigated the death of Brandon Baker and concluded that, based on her review of video surveillance footage, Kentucky Jail Standards were violated, for December 12, 2024; (3) the Madison County Defendants have filed a Motion to Dismiss the now-operative Second Amended Complaint based on, among other defenses, qualified and sovereign immunity; and (4) the Madison County Defendants have filed a Motion to Stay Discovery pending a ruling on their previously filed Motion to Dismiss the Second Amended Complaint, which raises immunity defenses.

Even though Magistrate Judge Atkins imposed an expedited briefing schedule for the Motion to Stay, with briefing to occur within a ten-day period and concluding on December 13, 2024, the Estate has declined to agree to postpone Ms. Stringer's deposition pending resolution of the Motion to Stay or to allow Jailer Tussey until seven days following a ruling on that motion to respond to the requests for admission. Since Jailer Tussey's responses to the requests for admission are due the business day after briefing on the Motion to Stay concludes, he will be unable to avoid the burdens of preparing and serving responses prior to a ruling unless a protective order is granted. Likewise, at this time, briefing on the Motion to Stay will not conclude until after the parties have prepared for and participated in Ms. Stringer's deposition. Although counsel for the parties are attempting to reschedule Ms. Stringer's deposition for a later date in December when counsel for all parties are available, it is unknown at this time whether any such date will be subsequent to the Court's ruling on the Motion for Stay.

# ARGUMENT

Pursuant to Fed. R. Civ. P. 26(c)(1)(B), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]" The purpose of the Madison County Defendants' requested stay is to preserve the protection immunity affords, including immunity from the burdens of discovery, in the event the Court determines they are entitled to it. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (describing qualified immunity as "immunity from suit rather than mere defense to liability"); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (emphasis in *Siegert*) ("'[u]ntil this **threshold** immunity question is resolved, discovery should not be allowed'"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (discussing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)) ("the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that [immunity] issue is decided").

Given Ms. Stringer's role in this case, the Madison County Defendants would expect to devote significant time and attention to preparing for her deposition—minimally including reviewing over 170 hours of video surveillance footage referred to in her report and potentially requesting additional records from the DOC and/or other public agencies—without knowing what, if any, claims against them will survive. If the Court ultimately grants the Madison County Defendants' Motion to Dismiss, their efforts to prepare for and participate in Ms. Stringer's deposition and Jailer Tussey's time responding to requests for admission will have been unnecessary and their immunity protection will have been irreparably lost. Accordingly, a protective order is necessary to protect the Madison County Defendants from undue burden and

expense until the Court has determined whether they are entitled to a stay of discovery pending resolution of their Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Madison County Defendants respectfully request the Court grant their motion and enter a protective order prohibiting the Estate from taking any depositions, including the previously noticed deposition of Ms. Stringer, and holding the Madison County Defendants are not required to respond to discovery requests, including the requests for admission previously propounded to Jailer Tussey, until seven days after the Court rules on the Madison County Defendants' Motion for Stay.

Respectfully Submitted,

/s/ D. Barry Stilz
D. Barry Stilz
Lynn Sowards Zellen
James E. Yeager III
Kinkead & Stilz, PLLC
301 East Main Street, Suite 800
Lexington, KY  40507
bstilz@ksattorneys.com
lzellen@ksattorneys.com
jyeager@ksattorneys
Telephone: (859) 296-2300
Facsimile: (859) 296-2566
*Counsel for the Madison County Defendants*

## **CERTIFICATE OF SERVICE**

  I certify that true and correct copies of the foregoing have been served via CM/ECF on this the 4th day of December, 2024.

                /s/ D. Barry Stilz
                *Counsel for the Madison County Defendants*